UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDWARD F. PARKS,<br><br>          Plaintiff,<br>v.<br>CHRISTY D. JOHNSON, et al.,<br><br>          Defendants. | Case No. 2:16-cv-00953-APG-PAL<br><br>**ORDER**<br><br>(IFP App. – Dkt. #2) |

This matter is before the Court on Plaintiff Edward F. Parks' Application to Proceed *In Forma Pauperis* (Dkt. #2), filed April 26, 2016.  This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Mr. Parks is a prisoner in the custody of the Arizona Department of Corrections and is proceeding in this action *pro se*, which means that he is not represented by an attorney.  *See* D. Nev. LSR 2-1.  LSR 1-1 states that any person who is unable to prepay the fees in a civil case may apply to the Court for authority to proceed *in forma pauperis* ("IFP"), meaning without prepaying the full three hundred fifty dollar ($350.00) filing fee.[1]  *See also* 28 U.S.C. § 1915(b)(1).  Mr. Parks has requested authority to proceed IFP in this action; however, his IFP Application is incomplete.

LSR 1-2 and § 1915 specifically require three items be submitted to this Court with a prisoner's IFP application: (1) a financial certificate signed by an authorized officer of the institution in which he or she is incarcerated,[2] (2) a copy of his or her inmate trust account

---

[1] Pursuant to the Court's Schedule of Fees dated January 1, 2015, the administrative fee of $50.00 does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

[2] LSR 1-2 provides:
> An application to proceed *in forma pauperis* received from an incarcerated or institutionalized person shall be accompanied by a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the

1

statement for the six-month period prior to filing,[3] and (3) a signed affidavit showing an inability to prepay fees and costs or give security for them.[4]  Additionally, LSR 1-1 states that an IFP "application shall be made on the form provided by the Court."  *Id*.  The District of Nevada has adopted two types of IFP applications, one for prisoners and a "Short Form" for non-incarcerated persons.  The financial affidavit required for prisoners differs from the "Short Form" for non-incarcerated litigants; thus, prisoners must submit the correct form for the Court's review.

At the time Mr. Parks filed his IFP Application, he was incarcerated at the Arizona State Prison Complex, Red Rock Red Rock Correctional Center.  However, he incorrectly filed a "Short Form" IFP application for non-incarcerated persons.  Because Parks used the incorrect form, his IFP Application does not contain the appropriate financial information and affidavit for incarcerated litigants or financial certificate as required by § 1915(a) and LSR 1-2.  Although Mr. Parks may qualify to proceed IFP, the Court cannot determine the amount of the initial partial filing fee because he has not submitted the correct application, certified inmate account statement, and financial certificate.  Therefore, the Court will deny Parks' IFP application without prejudice.

Accordingly,

/ / /

/ / /

---

institution and the net deposits in the applicant's account for the six (6) months preceding the submission of the application. If the applicant has been at the institution for less than six (6) months, the certificate shall show the account's activity for such period.

[3] 28 U.S.C. § 1915(a)(2) states:
A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), *shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint* or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.
(emphasis added).

[4] 28 U.S.C. § 1915(a)(1) states:
any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

2

**IT IS ORDERED:**

1. Plaintiff Edward F. Parks' Application to Proceed *In Forma Pauperis* (Dkt. #2) is DENIED WITHOUT PREJUDICE.

2. The Clerk of Court shall retain Mr. Parks' Complaint (Dkt. #1-1), and shall mail him a blank IFP application for incarcerated litigants along with instructions for completing the application.

3. Mr. Parks shall file a new IFP application, accompanied by a signed and executed financial certificate, a signed and executed financial affidavit, and a statement of his inmate trust account.

4. Mr. Parks shall have until **June 16, 2016**, to file a new IFP application.

5. Alternatively, Parks shall pay the filing fee of three hundred fifty dollars ($350.00), accompanied by a copy of this Order, on or before **June 16, 2016**.

6. Mr. Parks' failure to comply with this Order by: (a) submitting a new IFP application, or (b) paying the filing fee, before the **June 16, 2016,** deadline will result in a recommendation to the District Judge that this case be dismissed.

Dated this 16th day of May, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE