1

2

3

4                        UNITED STATES DISTRICT COURT

5                               DISTRICT OF NEVADA

6                                      * * *

7    EDWARD F. PARKS,                              Case No. 2:16-cv-00953-APG-PAL

8                                      Plaintiff,              **ORDER**
                                                             − AND −
9          v.                                      **REPORT OF FINDINGS AND**
                                                      **RECOMMENDATION**
     CHRISTY D. JOHNSON, et al.,
10
                                     Defendants.    (IFP App. – ECF No. 4;
11                                                  Mots. – ECF Nos. 5, 6, 8, 9)

12          This matter is before the court on Plaintiff Edward F. Parks' Application to Proceed *In*

13   *Forma Pauperis* (ECF No. 4), Motion to Present 6 Month Statement (ECF No. 5), Motion to

14   Request Status of In Forma Pauperis (ECF No. 6); Motion to Show Unlawful Convictions (ECF

15   No. 8), and Motion to Request/Inquire Case Status Report (ECF No. 9).  These Motions and the

16   Application are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and LR

17   IB 1-3 and 1-4 of the Local Rules of Practice.

18   **I.      IN FORMA PAUPERIS APPLICATION**

19          Mr. Parks is a pro se prisoner in the custody of the Arizona Department of Corrections.

20   LSR 1-1 states that any person who is unable to prepay the fees in a civil case may apply to the

21   court for authority to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fee.

22   *See also* 28 U.S.C. § 1915(b)(1).  However, the court must apply "even-handed care" to ensure

23   that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or

24   the colorable claims of a plaintiff "who is financially able, in whole or in material part, to pull his

25   own oar."  *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (collecting cases).  A

26   "district court may deny leave to proceed in forma pauperis at the outset if it appears from the face

27   of the proposed complaint that the action is frivolous or without merit."  *Minetti v. Port of Seattle*,

28   152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368,

1370 (9th Cir. 1987)); *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (recognizing Congress' concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits") (citation omitted).

On April 26, 2016, Mr. Parks filed his first Application for Leave to Proceed *In Forma Pauperis* (ECF No. 2) and a proposed complaint. However, his first application was incomplete and submitted on the wrong form. *See* Order (ECF No. 3). The court denied the IFP application without prejudice and informed him that LSR 1-2 and § 1915 specifically require three items be submitted to this court with a prisoner's IFP application: (1) a financial certificate signed by an authorized officer of the institution in which he or she is incarcerated, (2) a copy of his or her inmate trust account statement for the six-month period prior to filing, and (3) a signed affidavit showing an inability to prepay fees and costs or give security for them.

Mr. Parks subsequently filed the IFP application (ECF No. 4) on the correct form for incarcerated litigants and submitted the required financial certificate and inmate account statement. He did not, however, sign the financial certificate or acknowledgement in which an applicant must declare under the penalty of perjury that the information provided is true and correct. Therefore, Parks has not fulfilled § 1915's financial affidavit requirement to proceed IFP and his application should be denied on this basis.

Additionally, the court will recommend denial of his IFP application because his complaint attempts to state a claim against one defendant who is not a state actor and his claims are barred by his underlying conviction.

## II. SCREENING THE COMPLAINT

Federal courts must screen any IFP complaint prior to a responsive pleading. 28 U.S.C. § 1915; *Jones v. Bock*, 549 U.S. 199, 213–14 (2007). The court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from

such relief.  42 U.S.C. § 1997e (Prison Litigation Reform Act of 1995 (PLRA)); 28 U.S.C. § 1915A(b).  When a court dismisses a complaint upon the initial screening, a plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc) (although the PRLA requires dismissal of a faulty complaint, a court retains discretion to grant leave to amend if the deficiencies could be cured).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (joining five other circuits finding that liberal construction of *pro se* pleadings is still required after *Twombly* and *Iqbal*).  However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### A. Mr. Parks' Factual Allegations and Claims for Relief

The Complaint (ECF No. 1-1) names as defendants Christy D. Johnson, Neil Robert Taylor, and Billy Sipe Jr.  Although not included in the caption, Parks also alleges a claim against Rodney Head, the police chief of Bullhead City, Arizona, at the time of the alleged events in 2005. In Count I, he alleges that, in March 2005, he and his wife were involved in a minor car accident with another car driven by Johnson.  Johnson purportedly left the scene to call the police and made false statements that ultimately resulted in Mr. Parks receiving a five-year prison sentence with no evidence.  He claims that Johnson violated his First Amendment right to freedom from a false statement.  In Count II, Parks alleges that Sipe, the attorney he retained to represent him in a previous criminal case, told a judge that Parks committed another felony while on supervised release.  He contends that Sipes knew the true facts but failed to make his case, despite the lack of evidence, and Sipes encouraged Parks to take a plea deal, despite his innocence.  Sipes allegedly violated Parks' Sixth Amendment right to counsel.  In Count III, he alleges that Head failed to examine the evidence in his case, and the lack thereof, or investigate Johnson's false statements.

Head was relieved of duty in 2007 or 2008.  The criminal charges against Parks would have been dropped or he would have been acquitted if not for the wrongful handling of evidence and false statements.  Mr. Parks claims that Head violated his First Amendment right to freedom from being wrongfully accused.  He seeks $10 million in damages and asks the court to vacate the prison sentence and release him.

For the reasons discussed below, the court finds that the complaint fails to state a proper jurisdictional basis and fails to state a claim upon which relief can be granted.[1]

**B.  Legal Standard**

Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound to accept without question truth of plaintiff's allegations.  *Denton*, 504 U.S. at 32.  Allegations are frivolous when they are "clearly baseless," *id.*, or lack an arguable "basis in law or fact."  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  Frivolous claims include those based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios).  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under

---

[1]  The court also notes that Mr. Parks has previously sued defendants Christy D. Johnson and Neil Robert Taylor in this district, as well as the Edge Water Casino and the Bull Head City Police Department, making many of the same allegations.  *See Parks v. Johnson et al.*, Case No. 2:09-cv-2365-RCJ-RJJ; *Parks v. Johnson et al.*, Case No. 2:16-cv-0090-GMN-NJK.  The first lawsuit was dismissed based on his failure to submit an IFP application in compliance with the court's order.  Parks appealed and the Ninth Circuit found that his appeal was frivolous, required him to pay the full filing fee, and later dismissed the action based on his failure to perfect the appeal.  The second lawsuit was transferred to the United States District Court for the District of Arizona because the District of Nevada was not the proper venue for his claims.  However, the transfer order (ECF No. 5) also notes that Mr. Parks is subject to the provisions of 28 U.S.C. § 1915(g), meaning that he has had at least three cases dismissed on the grounds that they were frivolous, malicious, or failed to state a colorable claim.  *See Parks v. McCluskey*, 2010 U.S. Dist. Lexis 57555 (D. Ariz. May 24, 2010) (finding that Parks' filing of numerous unmeritorious cases subjected him to the requirements of § 1915(g)).  Indeed, a search of the Pacer Case Locator database reveals that he has filed 32 civil rights actions in six different districts, not including his seven habeas corpus petitions.  Except for this case, it appears that all of the cases are closed.

§§ 1915 and 1915A is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[2] for failure to state a claim. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013); *Washington*, 833 F.3d at 1055–56.

### C. Analysis

#### 1. Collateral Attack of Criminal Conviction

Federal district courts do not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *See, e.g.*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). This jurisdictional principle, explained in United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), effectively bars Mr. Parks' claims. In *Heck*, the Supreme Court held that a plaintiff cannot succeed on a § 1983 claim that necessarily implicates the constitutionality of the plaintiff's state conviction or sentence. 512 U.S. at 484–87. In other words, § 1983 cannot be used to indirectly attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* As such, a plaintiff "may challenge the validity of his arrest, prosecution, and conviction *only by writ of habeas corpus*." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (emphasis added). The *Heck* doctrine is grounded in the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." 512 U.S. at 484. Thus, when a state prisoner files a civil rights action, a district court must determine whether a judgment in the plaintiff's favor would necessarily invalidate his conviction or sentence; if it would, the complaint must be dismissed. *Heck*, 512 U.S. at 487; *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).

Mr. Parks alleges that he is still in custody of the Arizona Department of Corrections and he seeks relief from unlawful imprisonment based on wrongful accusations, false statements, and ineffective assistance of counsel. His allegations leave no question that he is challenging the fact of his arrest and subsequent incarceration with the goal of rendering his conviction and sentence

---

[2]  All references to a "Rule" or the "Rules in this Order refer to the Federal Rules of Civil Procedure.

invalid.  Because his conviction has not been reversed on direct appeal, expunged by executive order, or declared invalid, the requested relief is unavailable.  Therefore, this action should be dismissed.  *See, e.g.*, *Dalton v. United States*, 422 F. App'x 644, 645 (9th Cir. 2011) (district court did not abuse its discretion by denying prisoner's IFP application because it appeared from the face of the complaint that the action was *Heck*-barred).  However, the dismissal must be without prejudice so that he may file an action in the appropriate court in the event he succeeds in invalidating his conviction.  *Belanus v. Clark*, 796 F.3d 1021, 1024–25 (9th Cir. 2015) (citing *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995)).

### 2.  A Criminal Defense Attorney is Not a State Actor Under § 1983

The Supreme Court has concluded that when criminal defense attorneys are acting in their role as advocate, they are not acting under color of state law for  purposes of § 1983.  *See, e.g.*, *Vermont v. Brillon*, 556 U.S. 81, 91 (2009); *Polk Cnty. v. Dodson*, 454 U.S. 312, 320–25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008); *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992) (en banc).  In *Polk County*, the Supreme Court held that defense counsel "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  454 U.S. at 325.  The Court reasoned that a public defender does not act under color of state law when representing a defendant in a state criminal proceeding for purposes of § 1983 because he or she is "not acting on behalf of the State; he is the State's adversary." *Id.* at 323 n.13; *see also West v. Atkins*, 487 U.S. 42, 50 (1988).  Furthermore, their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor.  *See Brillon*, 556 U.S. at 91; *Polk Cnty.*, 454 U.S. at 321.

The case law clearly demonstrates that Mr. Parks may not bring a § 1983 action against Defendant Sipes based on his legal counsel in the criminal case.  The court therefore finds that such allegations fail to state a claim upon which relief may be granted.  For the reasons explained, the undersigned recommends that this case be dismissed.

### III.  MR. PARKS' PENDING MOTIONS

The Motion to Present 6 Month Statement (ECF No. 5); Motion to Request Status of In Forma Pauperis (ECF No. 6); and Motion to Request/Inquire Case Status Report (ECF No. 9) each

request relief in relation to the IFP application.  The Motion to Show Unlawful Convictions (ECF No. 8) asks the court to "look at a long trail of due process violations" in the Arizona state criminal case in which he was convicted, and currently in prison.  He states he has been waiting for transcripts from his attorney, unlawfully imprisoned for five years, and that his wife is dying at home.  He asks the court for help.  He attaches an order from the Arizona Court of Appeals in which the court, on its own motion, directed the court reporter to prepare a transcript for an evidentiary hearing held on November 7, 2014 to supplement an incomplete record.

As explained, this court does not have appellate jurisdiction over the Arizona state court's conviction and sentence of Parks.  *See, e.g.*, *Rooker*, 263 U.S. 415–16; *Feldman*, 460 U.S. at 482–86; *Bianchi*, 334 F.3d at 898.  Furthermore, his claims are barred by *Heck v. Humphrey*, 512 U.S. at 484–87, because he cannot use § 1983 claims to challenge his criminal conviction as the conviction and/or sentence has not been overturned or otherwise invalided.  He "may challenge the validity of his arrest, prosecution, and conviction *only by writ of habeas corpus*."  *Smithart*, 79 F.3d at 952 (emphasis added).  Because the court has now addressed the IFP application and the motions request unavailable relief, the motions are denied as moot.

Accordingly,

**IT IS ORDERED:**

1. The Clerk of the Court shall FILE Plaintiff Edward F. Parks' complaint, but ***SHALL NOT*** issue summons.

2. The Motion to Present 6 Month Statement (ECF No. 5), Motion to Request Status of In Forma Pauperis (ECF No. 6); Motion to Show Unlawful Convictions (ECF No. 8), and Motion to Request/Inquire Case Status Report (ECF No. 9) are DENIED.

**IT IS RECOMMENDED** that: Plaintiff Edward F. Parks' Application to Proceed *In Forma Pauperis* (ECF No. 4) be **DENIED** and the complaint be **DISMISSED**.

Dated this 7th day of March, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

7

**<u>NOTICE</u>**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.