|     |                              |                              |
| --- | ---------------------------- | ---------------------------- |
| 1   | **UNITED STATES DISTRICT COURT** | |
| 2   | **DISTRICT OF NEVADA**       | |
| 3   | * * *                        | |

| | | |
|---|---|---|
| EDWARD F. PARKS, | | Case No. 2:16-cv-00953-APG-PAL |
| | Plaintiff, | |
| v. | | **ORDER (1) ACCEPTING REPORT AND RECOMMENDATION, (2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS, (3) DENYING MOTION FOR RELIEF, AND (4) DENYING MOTION TO SHOW CAUSE** |
| CHRISTY D. JOHNSON, *et al.*, | | |
| | Defendants. | |
| | | (ECF Nos. 4, 10, 12, 14) |

The Complaint (ECF No. 1-1) names as defendants Christy D. Johnson, Neil Robert Taylor, and Billy Sipe Jr. Although not included in the caption, Parks also alleges a claim against Rodney Head, the police chief of Bullhead City, Arizona at the time of the alleged events. In Count I, Parks alleges that, in March 2005, he and his wife were involved in a minor car accident with another car driven by Johnson. Johnson purportedly left the scene to call the police and made false statements that ultimately resulted in Parks receiving a five-year prison sentence with no evidence. He claims that Johnson violated his First Amendment right to freedom from a false statement. In Count II, Parks alleges that Sipe, the attorney he retained to represent him in a previous criminal case, told a judge that Parks committed another felony while on supervised release. He contends that Sipes knew the true facts but failed to make his case, despite the lack of evidence, and Sipes encouraged Parks to take a plea deal, despite his innocence. Sipes allegedly violated Parks' Sixth Amendment right to counsel. In Count III, Parks alleges that Head failed to examine the evidence in his case, and the lack thereof, or investigate Johnson's false statements. Parks alleges the criminal charges against him would have been dropped or he would have been acquitted if not for the wrongful handling of evidence and false statements. Parks claims that

Head violated his First Amendment right to freedom from being wrongfully accused. He seeks $10 million in damages and asks the court to vacate the prison sentence and release him.

On March 7, 2017, Magistrate Judge Leen entered a Report of Findings and Recommendation recommending that I deny Parks' application to proceed in forma pauperis because Parks did not sign the financial certificate or acknowledgment. ECF No. 10 at 2. Judge Leen also recommended that I dismiss Parks' complaint because he challenges his prior conviction which has not been overturned and because he is asserting claims under 42 U.S.C. § 1983 against his criminal defense attorney, who is not a state actor. *Id.* at 5-6.

Parks thereafter filed three documents. First, he filed a document seeking to require the Clark County Sheriff to conduct an investigation into Parks' imprisonment. ECF No. 12. Parks next filed a motion to file objections to Judge Leen's order. ECF No. 13. Parks contends that defendant Johnson made false accusations against him and he was convicted of an offense he did not commit. Finally, Parks filed a motion to show cause why he should not be released. ECF No. 14. Like his other filings, this motion is not entirely clear, but Parks appears to be objecting that the Arizona courts did not read the transcripts in his appeals of his conviction, that his attorney failed to provide an effective defense, and there was no evidence presented at an evidentiary hearing (the purpose of which is unclear from the filing). Parks also refers to some difficulty with obtaining a transcript and the suspension of an attorney, apparently in relation to his appeals in the Arizona courts.

I conducted a de novo review. 28 U.S.C. § 636(b)(1). Judge Leen properly notes that Parks did not sign his financial certificate or acknowledgement. *See* ECF No. 4 at 5, 19. I therefore deny his motion to proceed in forma pauperis.

Judge Leen also correctly states that Parks' criminal defense attorney, defendant Billy Sipe, Jr., is not a state actor when acting as court-appointed defense counsel. *Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 466 (9th Cir. 2003) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981)). There are circumstances when a private actor's conduct may be fairly attributable to the government. *See Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). But Parks does not assert

any facts to suggest his defense attorney's conduct is attributable to the state. Although Judge Leen did not specifically address it, I note that in addition to Sipe not being a state actor, there are no allegations that would support a § 1983 claim against defendant Johnson or the other private parties mentioned in the complaint.[1] There is no basis to conclude the private individuals and a casino are state actors or that their conduct is attributable to the state given Parks' allegations.

Additionally, Judge Leen correctly notes that under the rule announced in *Heck v. Humphrey*, if a judgment in the plaintiff's favor in a § 1983 case "would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 487 (1994). Thus, to the extent Parks seeks to invalidate his prior conviction and sentence, which he clearly does in both his complaint and his motion for relief, I dismiss his claims without prejudice to refiling his claims should his criminal conviction later be invalidated.

IT IS THEREFORE ORDERED that Magistrate Judge Leen's Report of Findings and Recommendation **(ECF No. 10) is accepted**. The application for leave to proceed in forma pauperis **(ECF No. 4) is DENIED**. The complaint (ECF Nos. 1-1, 11) is dismissed with prejudice with respect to Parks' claims under 42 U.S.C. § 1983 against defendant Billy Sipe, Jr., Christy D. Johnson, Tony Lurflmen, and the Edgewater Casino because none of these defendants is a state actor. As to defendant Rodney Head, the complaint is dismissed without prejudice to refiling this claim should Parks' criminal conviction later be invalidated. The motion for relief **(ECF No. 13)** and motion for order to show cause why prisoner should be released **(ECF No. 14) are DENIED**. The clerk of court is instructed to close this case.

DATED this 11th day of April, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] Manager Tony Lurflmen and the Edgewater Casino are listed in the caption but there are no factual allegations or claims asserted against them.